# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA YOLANDA HOLMEN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | NO. 8:14-cv-01966 (KS)<br><br>MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

Plaintiff Amelia Yolanda Holmen ("Plaintiff"), filed a Complaint on December 10, 2014, seeking review of the denial of her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.) On August 28, 2015, the parties filed a Joint Stipulation ("Joint Stip.") in which Plaintiff seeks an order reversing and vacating the Commissioner's decision, and either ordering the immediate payment of benefits or remanding the matter for further administrative proceedings. (ECF No. 21, Joint Stip. 19.) The Commissioner requests that the Court affirm the ALJ's decision or, should the Court reverse the

1

decision, remand to the agency for further administrative development." (*Id.* 20.) On August 18 and 27, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (ECF Nos. 18, 19, 20.) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On June 7, 2011, Plaintiff applied concurrently for DIB and SSI. (Administrative Record ("A.R.") 173-79 (SSI); 180-88 (DIB).) Plaintiff alleged disability commencing June 4, 2009. (*Id.* 146, 173.) Plaintiff was 47 years old on the alleged onset date. (*Id.* 68.)[1] Plaintiff's prior relevant work experience included work as a teaching aide. (*Id.* 202.) The Commissioner denied Plaintiff's application on October 25, 2011 (*id.* 102-06) and upon reconsideration on February 29, 2012 (*id.* 108-12). On April 27, 2012, Plaintiff requested a de novo hearing before an Administrative Law Judge ("ALJ"). (*Id.* 118.) On July 10, 2013, Plaintiff, who was represented by counsel, testified before ALJ Sharilyn Hopson. (*Id.* 28-67.) Also appearing and testifying at the hearing were medical expert, Arnold Ostrow, M.D., and Vocational Expert ("VE") Kelly Winn-Boiatey. (*Id.* 32-45.) On July 25, 2013, the ALJ issued an unfavorable decision, denying Plaintiff's claims for DIB and SSI. (*Id.* 13-27.) On October 7, 2014, the Appeals Council denied Plaintiff's request for review. (*Id.* 1-7.) Plaintiff then filed this timely civil action.

## SUMMARY OF ADMINISTRATIVE DECISION

Applying the five step evaluation process for determining whether a person is disabled as required under 20 CFR 404.1520(a) and 416.920(a), at step one, the ALJ

---

[1] Plaintiff's date of birth is 06/12/62. (A.R. 68.)

2

found that Plaintiff had not engaged in substantial gainful activity since June 14, 2009, the alleged onset date. (A.R. 18.) At step two, the ALJ further found that Plaintiff had the following severe impairments: diabetes mellitus; hypertension; chondrocalcinos of knees, status post bilateral knee surgery; bilateral carpal tunnel syndrome, status post left carpal tunnel release; asthma; right shoulder impingement and possible tear of rotator cuff; cirrhosis of the liver; status post coronary artery bypass graft; lumbosacral disc disease; and obesity. (*Id.*)[2] At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (*Id.* 14-15.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff "can lift, carry, push or pull 20 pounds occasionally and 10 pounds frequently; stand/walk for about 6 hours out of 8in a day; cannot climb stairs, ladders, ropes, or scaffolds; no work at unprotected heights; occasionally bend; cannot stoop, kneel, crouch, or crawl; occasionally use hands for fine manipulation and forceful gripping, grasping, or twisting with no other manipulative limitations; no work above shoulder level on the right; no foot pedals bilaterally; no excessive exposure to pulmonary irritants; and no exposure to excessive heat or cold. (*Id.* 19.) At the last step of the evaluation process, the ALJ found that Plaintiff was capable of performing her past relevant work as a teacher's assistant[3] and concluded that Plaintiff

---

[2] Plaintiff also alleged disability due to cholesterol, but the ALJ found Plaintiff's cholesterol was not severe based on laboratory results in May 2012 showing the total cholesterol had decreased to within-normal limits. (*Id*. 19.)

[3] While the ALJ described Plaintiff's prior work as that of a "teacher's assistant" (A.R. 22), Plaintiff's Work History Report described the job as that of "special aide assistant" (A.R. 202), the Joint Stipulation refers to the prior job as that of a "teacher's aide" (Joint Stip. at 7), and the VE testified that her prior position was actually that of a "special ed" teaching assistant, but noted that the Dictionary of Occupational Titles does not include a separate number for "special ed teaching assistant." (A.R. 62.) Regardless of which term is used, the analysis and outcome here remains the same.

3

did not suffer from a disability from June 14, 2009 through the date of the ALJ's decision. (*Id.* 23.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which [s]he did

4

not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (*quoting Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

## DISCUSSION

The parties dispute two issues in connection with the ALJ's decision denying Plaintiff's application for benefits:

(1) Whether the ALJ correctly found the work of a teacher's aide as past relevant work; and

(2) Whether the ALJ properly found Plaintiff could perform her past work or any other work.

(Joint Stip. 4.)

**1. The ALJ's Finding that Plaintiff's Prior Work as a Teacher's Assistant was Past Relevant Work Is Not Supported By Substantial Evidence.**

Social Security regulations define "past relevant work as work that: (1) was done within the last 15 years; (2) lasted long enough for the claimant to learn how to do it; and (3) was substantial gainful activity ("SGA"). 20 CFR §§ 404.1560(b)(1).

5

1  The agency regulations define substantial gainful activity as work activity that
2  "involves doing significant physical or mental activities" on a full or part-time basis
3  and is "work that is usually done for pay or profit, whether or not a profit is realized.
4  20 CFR §§ 404.1572(b) and 416.972(b). The primary consideration in determining
5  whether a particular activity constitutes SGA is whether a claimant's earnings from
6  the activity fall above or below the minimum monthly amount established by the
7  agency's Earnings Guidelines. If an individual's earning are above a level specified
8  by Social Security Administration regulations, the activity is presumed to be SGA. 20
9  CFR § 404.1574(b).

11  The ALJ concluded, that Plaintiff "is capable of performing past relevant work
12  as a teacher's assistant." (A.R. at 22.) In making this determination, the ALJ
13  engaged the assistance of an impartial VE, Kelly Winn-Boaitey, who testified at the
14  hearing that "a teacher's assistant for the DOT could be performed with that RFC."[4]
15  (A.R. 61.) The VE further testified that Plaintiff could perform the work of teacher's
16  assistant as defined in the DOT, but not as actually performed in Plaintiff's prior
17  work because, Plaintiff's prior work as a "special ed" teacher's assistant required a
18  "medium level" of exertion, *i.e.*, more lifting and gripping than as normally
19  performed. (A.R. 23, 61-62.) The VE acknowledged that there is no separate DOT
20  for a special ed teacher's assistant. (*Id*. 62.) The ALJ accepted the VE's testimony in
21  full. (*Id*. 23.)

23  In the administrative record, a Work History Report detailed Plaintiff's work
24  experience and earnings history. (A.R. 202-213, Ex. 4E.) The Work History Report
25  indicates that Plaintiff worked as a "special aide assistant" with the Cypress School
26  District from 2002 to 2003. (*Id.* 202.) Plaintiff did not specify the particular months

---

[4] DOT refers to the Dictionary of Occupational Titles. The ALJ's decision noted that a teacher's assistant as outlined in DOT (099.327-010) was consistent with "SVP 6, light as performed." (A.R. 23.)

that she started in 2002 or ended the position in 2003. (*Id.*) Thus, it is not possible to determine whether she worked for a full calendar year or a traditional nine-month academic year. Plaintiff concedes that her work as a "special aide assistant" in 2002 - 2003 was done within the last fifteen years and, therefore, satisfies the first element. (Joint Stip. 6.)

The third element, that the prior work was "substantial gainful activity, is also satisfied. Plaintiff argues that because the administrative record does not contain a certified earnings record, ALJ could not properly establish that Plaintiff's job as an as a classroom aide constituted "substantial gainful activity." (*Id.*) Plaintiff's argument that there is insufficient evidence to establish that the position met the "gainful" requirement is without merit.

The Social Security Administration's official website shows that the monthly minimum "substantial gainful activity" amount for a non-blind person in 2002 was $780, and was $800 per month in 2003. *See* Monthly Substantial Gainful Activity Amounts Chart, available at, http://www.ssa.gov/oact/COLA/sga.html. Plaintiff's Work History Report indicates that the job paid $10.40 an hour and Plaintiff worked 4.00 hours per day, 5 days per week. (*Id.* 205.) Thus, her earnings in the position as "special aide assistant" were $208 per week or approximately $832 per month.[5] This amount of earnings is sufficient, under the guidelines for 2002 and 2003, to qualify as SGA for purposes of the "past relevant work" analysis.

Where, as here, the claimant's average monthly earnings meet or exceed the minimum amount, the burden of proof shifts to the plaintiff to show that her work was not SGA. *See Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001) ("Earnings can be a

---

[5] The monthly total is derived as follows: $10.40 per day x 4 hrs. per day x 5 says per week = $208.00/week x 4 weeks/month = $832.

7

presumptive, but not conclusive, sign of whether a job is substantial gainful activity."); *see also*, 20 CFR §§ 404.1574(b)-(d). If the plaintiff introduces no such evidence, the ALJ may find that the claimant has engaged in SGA. *Lewis*, 236 F.3d at 515. Plaintiff did not produce any evidence of earnings inconsistent with the information provided in the Work History Report. Accordingly, Plaintiff's earnings in her 2002-2003 job met the earnings requirements for SGA. *Id.*[6]

It is at the second element for "past relevant work" that the ALJ erred, *i.e.*, showing that Plaintiff worked at the prior job for a sufficient duration. Even though two of the three elements necessary to establish "past relevant work" appear to be satisfied, that is not the end of the inquiry. The agency regulations require that to be past relevant work, the claimant must have also held the job long enough to learn how to do it. 20 CFR § 404.1560(b)(1). The DOT assigns a teacher's assistant position a specific vocational preparation ("SVP") level 6. *See* DOT code 099.327-010.[7] The DOT code expressly provides that at level 6, the teacher assistant position requires "over 1 year and up to and including 2 years" to learn the position. (*Id.*)

Here, Plaintiff argues that the brevity of her work experience as indicated on the Work History Report versus the DOT's minimum training time requirement "does not permit the inference that [Plaintiff] performed the occupation for a sufficient duration for it to gain relevance." (Joint Stip. 7.) Plaintiff is correct. *See e.g., Reeves v. Colvin,* 2014 U.S. Dist. LEXIS 167684 (C.D. Cal. Dec. 2, 2014) (finding record did not support ALJ's conclusion that plaintiff's prior position as maintenance superintendent was "past relevant work" where plaintiff did not hold the job long enough to satisfy the designated SVP).

---

[6] Because the ALJ's decision indicates that she considered "all of the evidence," it is presumed that the earnings information contained in Plaintiff's Work History Report was necessarily part of that consideration.

[7] The DOT provides a "specific vocational preparation" ("SVP") time for each position which focuses on the amount of time it takes a typical worker to learn the job's duties. *See* Social Security Ruling 00-4p, 2000 SSR LEXIS 8.

8

Defendant, relying on the unpublished decision in *Goodenow-Boatsman v. Apfel*, 2001 WL 253200 (N.D. Cal. Feb. 27, 2001), argues that Plaintiff waived this argument by not raising it at the hearing or in the appeals process. (Joint Stip. 10.) *Goodenow-Boatsman*, as Plaintiff points out, does not support Defendant's waiver argument at all. (Joint Stip. 13.) In fact, in *Goodenow-Boatsman*, the district court explicitly rejected a similar argument, citing the U.S. Supreme Court's decision in *Sims v. Apfel*, 20 S. Ct. 2080 (2000), holding that Social Security claimants are not required to exhaust issues in order to preserve them for judicial review. Thus, this Court finds, as did the Northern District, that it "can properly review arguments that plaintiff did not previously present to the Appeals Council." *Goodenow-Boatsman*, 2001 WL253200 at *2.

Defendant next argues that the ALJ's reliance on the VE's testimony was reasonable and the ALJ could reasonably conclude, based on Plaintiff's Work History Report that her prior position as a classroom aide lasted at least a year. *(Id*. 12.) Defendant's arguments are unavailing. Generally, Plaintiff bears the burden of proof to establish disability through step four of the evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also*, *Johnson v. Shalala*, 60 F.3d 1428; 1432 (9th Cir. 1995). Nonetheless, "[i]n Social Security cases the ALJ has a special duty to fully and fairly develop the record." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Moreover, it is the ALJ's responsibility to resolve ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1098 (9th Cir. 2014); *see also, Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001) (ALJ's obligation to develop the record only triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

Here, there is no evidence, much less substantial evidence, to support an assumption by the VE or the ALJ that Plaintiff's work in 2002 to 2003 as "special aide assistant" lasted for "more than one year" as required for the job to qualify as past relevant work. At the hearing, neither the ALJ nor Plaintiff's counsel questioned Plaintiff to determine exactly how long she worked in the position and there was no testimony from the VE to establish this fact either. In *Reeves,* where the appropriate SVP required "over 4 years up to and including 10 years" and the plaintiff only held job for 13 months, the court remanded for further proceedings finding "it is not clear that plaintiff held the job long enough for it to qualify as PRW." *Reeves,* 2014 U.S. Dist. LEXIS 167684, at *6. Similarly here, the record does not support the ALJ's finding that Plaintiff held the "special aide assistant" job long enough for the position to qualify as past relevant work.

Accordingly, since it is not clear that the ALJ would be required to award benefits if the record were fully developed and free of ambiguity, the appropriate remedy is to remand for further proceedings. *Treichler*, 775 F.3d at 1107.

### 2. The Court Need Not Reach Whether Plaintiff Could Perform Her Past Work or Any Work.

Plaintiff also raises the issue of whether the ALJ erred in determining that Plaintiff could perform her past work or any other work based a reaching limitation over her right shoulder. (Joint Stip. 16-18.) The disposition on the past relevant work issue makes it unnecessary to reach Plaintiff's remaining contention.

Plaintiff's RFC including a specific limitation of "no work above shoulder level on the right". (A.R. 19.) There was no testimony from the VE discussing this specific limitation to the ALJ's finding that Plaintiff could perform her prior work as a

teacher's aide. At the hearing, the VE was asked to assume a hypothetical person, 47 years old at her alleged onset date, with an 11th grade education, who is literate with Plaintiff's RFC. (A.R. 60-61.) When asked if such a person could do Plaintiff's past relevant work, the VE initially answered "No, your honor." But then reconsidered the limitation of "occasional and frequent handling" and opined that "actually a teacher's assistant for the DOT could be performed with the RFC." (*Id*. 61.) The questioning of the VE by both the ALJ and Plaintiff's counsel, focused largely on whether Plaintiff could perform as a teacher's assistant based on differing degrees of limitation in the use of her hands for gripping and fingering. (A.R. 61-65.) The VE's testimony concerning lifting or reaching concerned whether a preschool teacher's assistant duties could include occasional lifting, but Plaintiff never worked as a preschool teacher and the VE testified that a teacher's assistant for elementary, middle or high school would not involve lifting. (A.R. 65.)

This second issue need not be addressed until, on remand for further proceedings, there is a proper development of the record to determine whether Plaintiff's prior job meets the criteria for "past relevant work."

**CONCLUSION**

For all the reasons stated above, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision.

//
//
//
//
//

11

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 23, 2015

*Karen L. Stevenson*

Karen L. Stevenson
United States Magistrate Judge